Philip D. Dapeer (State Bar No. 53378)
PHILIP D. DAPEER
A Law Corporation
2625 Townsgate Road
Suite 330
Westlake Village, CA 91361-5749
Tel: (323) 954-9144 • Facsimile: (323) 954-0457

Attorney for Debtor and Debtor-In-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>STACIE HUNT-PANDO,<br><br>   Debtor-In-Possession. | Case No. 2: 09-bk-10584-EC<br><br>In a Case Under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 et seq.)<br><br>**DEBTOR'S FOURTH AMENDED CHAPTER 11 PLAN**<br><br>**Plan Confirmation Hearing**<br><br>Date: January 11, 2011<br>Time: 3:00 p.m.<br>Ctrm: 1639<br>       255 East Temple St.<br>       Los Angeles, CA 90012 |

F 3018-1

# TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  CLASSIFICATION AND TREATMENT OF CLAIMS
     AND INTERESTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     A.   General Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     B.   Unclassified Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     C.   Classified Claims and Interests . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. TREATMENT OF MISCELLANEOUS ITEMS . . . . . . . . . . . . . . . . . 12
     A.   Executory Contracts and Unexpired Leases . . . . . . . . . . . . . . . . 12
     B.   Changes in Rates Subject to Regulatory Commission Approval . . . . . . . 13
     C.   Retention of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IV.  EFFECT OF CONFIRMATION OF PLAN . . . . . . . . . . . . . . . . . . . . 14
     A.   Discharge. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
     B.   Revesting of Property in the Debtor . . . . . . . . . . . . . . . . . . . . . . 14
     C.   Modification of Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
     D.   Post-Confirmation Status Report . . . . . . . . . . . . . . . . . . . . . . . 14
     E.   Quarterly Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
     F.   Post-Confirmation Conversion/Dismissal . . . . . . . . . . . . . . . . . . 15
     G.   Final Decree . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

EXHIBIT "A"
     LIST OF ALL ASSETS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

EXHIBIT "B"
     FINANCIAL STATEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# I.

# INTRODUCTION

Stacie Hunt-Pando is the Debtor in a Chapter 11 bankruptcy case. On January 12, 2009, Stacie Hunt-Pando commenced a bankruptcy case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. This document is the Chapter 11 Plan ("Plan") proposed by Debtor-In-Possession ("Plan Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a combined liquidating and reorganizing Plan. In other words, the Proponent seeks to accomplish payments under the Plan by allocating her employment income, the rental income derived from the real estate assets of the estate and the sale of one or more parcels of real property comprising the Debtor's estate to the payments required under the Plan. The Effective Date of the proposed Plan is the first calender day of the first full month after the Confirmation Date. The Effective Date of the proposed Plan is the first calender day of the first full month after the Confirmation Date.

# II.

# CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.    General Overview.**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

**B.    Unclassified Claims.**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because

they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class. The treatment of these claims is provided below.

1.    **Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 507(a)(1). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's § 507(a)(1) administrative claims and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|---|---|---|
| Philip D. Dapeer, Debtor's reorganization counsel | $90,000 Estimated | • Paid in full upon later of Effective Date or 11-days after date of entry of the Order on final fee application. In the event there are insufficient funds with which to pay the administrative expense, Debtor's counsel has agreed to defer payment of allowed fees and costs until such time or on such terms in order to assure the feasibility of the Plan. |
| Clerk's Office Fees | $0.00 | Paid in full on Effective Date |
| Office of the U.S. Trustee Fees | $0.00 | Paid in full on Effective Date |
| | TOTAL: $90,000 | |

<u>Court Approval of Fees Required:</u>

The Court must approve all professional fees listed in this chart. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this Plan.

### 2.    Priority Tax Claims

Priority tax claims are certain unsecured income, employment and other taxes described by Code §507(a)(8).  The Code requires that each holder of such a §507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax.

The following chart lists all of the Debtor's Section 507(a)(8) priority tax claims and their treatment under the Plan:

| DESCRIPTION | AMOUNT OWED | TREATMENT |
|---|---|---|
| • Name = San Diego County Treasurer / Tax Collector<br><br>• Type of tax = Secured Real Property<br><br>• Date tax assessed = 2009 | $7,675.00 | • The holder of such a §507(a)(8) priority tax claim will be paid the present value of such claim in deferred cash payments over a period of 60 months from the date of such assessment of such tax.  Payments will be made on a monthly basis on the first day of the month following the effective date of the Plan, and monthly thereafter until the claim is paid in full. |

## C.    Classified Claims and Interests.

### 1.    Classes of Secured Claims

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS #1 | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | Secured claim of:<br>• Name = Wachovia<br>• Collateral description = Sunset Plaza<br>• Collateral value = $1,850,000<br>• Priority of security int. = First<br>• Principal owed = | No | No | Debtor and secured creditor have agreed that the first deed of trust on the property is over secured. Debtor will pay this claim in full in monthly installments commencing the first day of the month following the effective date of the Plan and continuing monthly thereafter for 30-years. Debtor and secured creditor have agreed that the interest rate on the |

| CLASS #1 | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | Approximately<br><br>$1,000,000<br>● Pre-pet. arrearage: $16,613.91<br>● Post-pet. arrearage amount = $110.086.00<br>● Total claim amount = $1,011,000.00 | | | secured loan will be 5.04% per annum fixed. The treatment under the Plan extends the maturity date under of the original note secured by deed of trust on the collateral security. Secured creditor will retain its lien on the collateral security. The pre-petition arrearages and the post-petition arrearages will be added to the loan balance and paid in accordance with the amortization schedule provided hereby. Interest only payments shall be made for the first 5 years. Thereafter, fully amortizing payments shall be made for the remaining 25 years. This property is the debtor's principle residence. |

| CLASS #2 | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | Secured claim of:<br>● Name = Wachovia<br>● Collateral description = Dabney<br>● Collateral value = $205,000<br><br>● Priority of security int. = First<br>● Principal owed = $266,794<br>● Pre-pet. arrearage amount = $1,818.28<br>● Post-pet. arrearage amount = $25,453.60<br>● Total claim amount = $266,493.75 | No | Yes | Debtor and secured creditor have agreed that the secured creditor's lien is under secured. Debtor and secured creditor have agreed that secured creditor shall have a secured claim in the amount of $210,000.00 which secured claim shall be paid in equal monthly installments, amortized over 30-years at an interest rate of 5.0% per annum with the first installment payment to be made commencing the first day of the month following the effective date of the Plan and continuing monthly thereafter for 30-years. Secured creditor shall have an unsecured claim in the amount of $70,715.55, plus any additional amounts that are due to secured creditor under the subject promissory note and deed of trust, plus secured creditor's post-petition's attorney's fees and costs. Secured creditor shall receive in full and final satisfaction of its unsecured claim its pro rata share |

Revised August 2005                    4                    F 3018-1

| CLASS #2 | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | | | | of the dividend to be paid to general unsecured creditors pursuant to the debtor's Plan and as provided for in this disclosure statement.  Debtor and secured creditor agree that the monthly payments to be made on the secured portion of the claim shall be $1,127.33.  Debtor and secured creditor have agreed that secured creditor will not be making the election to be treated pursuant to Bankruptcy Code, §1111(b)(2), but instead, shall receive a bifurcated secured claim and unsecured claim as provided for herein. Debtor and secured creditor have executed a stipulation regarding the treatment of the claim under the Plan. |

| CLASS #3 | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | Secured claim of: Name = Bank of America Collateral description = Oceanside Collateral value = $439,000.00 Priority of security int. = First Principal owed = $79,227.00 Pre-pet. arrearage: NONE Post-pet. arrearage amount = NONE Total claim amount = $79,226.77 | No | No | Debtor proposes to pay this claim in full in accordance with the promissory note secured by deed of trust held by secured creditor. The debtor has been current in her payments to secured creditor both pre-petition and post-petition such that there is no arrearage due to the secured creditor and debtor is not in default under the subject promissory note secured by deed to trust.  Debtor proposes to continue to make the monthly payments of interest and principal in accordance with the terms and conditions of the applicable promissory note and deed of trust, all without impairment. |

| CLASS #4 | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | Secured claim of: <br> • Name = ASC <br> • Collateral description = Kalpati <br> • Collateral value = $499,000.00 <br> • Priority of security int. = First <br> • Principal owed = $720,410.00 <br> • Pre-pet. arrearage: $40,508.25 <br> • Post-pet. arrearage amount = $144,000.00 <br> • Total claim amount = $729,132.42 | No | Yes | Debtor and secured creditor have agreed that the secured creditor's lien is under secured. The secured creditor previously made the election to be treated pursuant to Bankruptcy Code, section 1111(b)(2). Based upon a stipulation entered into between debtor and secured creditor, debtor has allowed secured creditor to withdraw the election. Instead, debtor and secured creditor, pursuant to a written stipulation. have agreed that the secured creditor shall have a secured claim in the amount of $535,000, which secured claim shall be paid at the rate of 5% annual interest amortized over 30-years in equal monthly installments commencing the first day of the month following the effective date of the Plan and continuing monthly thereafter for 30-years. Secured creditor shall have an unsecured claim in the approximate amount of $240,386.75, plus any additional amounts due to secured creditor under the subject promissory note and deed of trust. Secured creditor shall receive in full and final satisfaction of its unsecured claim its pro rata share of the dividend to be paid to general unsecured creditors pursuant to the debtor's Plan as provided for in this disclosure statement. Debtor and secured creditor agree that the monthly payments to be made on the secured portion of the claim shall be $2,872.00. Debtor and secured creditor have agreed that secured creditor may withdraw its election to be treated pursuant to Bankruptcy Code, §1111(b)(2), and instead, shall receive a bifurcated secured claim and unsecured claim as provided for herein and the written stipulation entered into between debtor and secured creditor. |

| CLASS #5 | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | Secured claim of:<br>• Name = Wachovia<br>• Collateral description = Pirineos<br>• Collateral value = $209,000.00<br>• Priority of security int. = First<br>• Principal owed = $266,995.00<br>• Pre-pet. arrearage: NONE<br>• Post-pet. arrearage amount = $24,264.30<br>• Total claim amount = $266,994.62 | No | Yes | Debtor and secured creditor have agreed that the secured creditor's lien is under secured. Debtor and secured creditor have agreed that secured creditor shall have a secured claim in the amount of $210,000.00 which secured claim shall be paid in equal monthly installments, amortized over 30-years at an interest rate of 5.69% per annum with the first installment payment to be made commencing the first day of the month following the effective date of the Plan and continuing monthly thereafter for 30-years. Secured creditor shall have an unsecured claim in the amount of $71,421.17, plus any additional amounts that are due to secured creditor under the subject promissory note and deed of trust, plus secured creditor's post-petition's attorney's fees and costs. Secured creditor shall receive in full and final satisfaction of its unsecured claim its pro rata share of the dividend to be paid to general unsecured creditors pursuant to the debtor's Plan and as provided for in this disclosure statement. Debtor and secured creditor agree that the monthly payments to be made on the secured portion of the claim shall be $1,217.51. Debtor and secured creditor have agreed that secured creditor will not be making the election to be treated pursuant to Bankruptcy Code, §1111(b)(2), but instead, shall receive a bifurcated secured claim and unsecured claim as provided for herein. Debtor and secured creditor have executed a stipulation regarding the treatment of the claim under the Plan. |

| CLASS #6 | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| | Secured claim of: <br> • Name = GMAC <br> • Collateral description = Coolheights <br> • Collateral value = $1,000,000.00 <br> • Priority of security int. = First <br> • Principal owed = $780,000.00 <br> • Pre-pet. arrearage: $26,159.00 <br> • Post-pet. arrearage amount = $81,868.43 <br> • Total claim amount = $780,000.00 | No | Yes | Debtor and secured creditor have agreed that the secured creditor's claim is over secured. Debtor and secured creditor have agreed that debtor shall tender regular, monthly interest-only payments in the sum of $2,518.71 to creditor for the secured claim at 3.40% per annum commencing the first day of the month following the effective date of the Plan and monthly thereafter on the first day of each succeeding month until June 1, 2013. Thereafter, debtor shall tender regular, monthly interest-only payments in the sum of $3,259.51 to secured creditor for the secured claim at 4.40% per annum, commencing August 1, 2013, and continuing until July 1, 2015. Thereafter, debtor shall tender regular, monthly principal and interest payments in the approximate amount of $3,703.98 to creditor for the secured claim at 5.0% per annum, commencing August 1, 2015 and continuing until July 1, 2040, when all such outstanding amounts of principal and interest under the secured claim shall be paid in full. The holder of this secured claim shall will retain its lien on the collateral for the amount of its allowed secured claim until it is paid in full. Debtor and secured creditor have executed a stipulation regarding the treatment of the claim under the Plan. |

    In view of the settlements reached between debtor and secured creditors as of September 17, 2010, there is no need for the debtor to bring on a motion under Bankruptcy Code, §506(a) prior to the hearing on the confirmation of the Plan to determine the value for plan purposes of the parcels of real property described in Class 2,

Class 4 and Class 5 treatment of those secured claims.  The Plan bifurcates Class 2, Class 4 and Class 5 claims into secured and unsecured claims in accordance with the settlement reached between debtor and secured creditors.  By the settlement reached between the debtor and secured creditors with respect to Class 2, Class 4 and Class 5 claims, the amount of the secured claim for those secured creditors is fixed at the agreed upon value of the collateral security.  The balance of the bifurcated claim shall be treated as unsecured.

With respect to Class 4, the secured creditor had originally elected to be treated under Bankruptcy Code, §1111(b).  However, on September 17, 2010, debtor and secured creditor agreed that secured creditor may withdraw its election under Bankruptcy Code, §1111(b), and that the holder of the Class 4 claim shall have a bifurcated secured and unsecured claim, based upon a written stipulation entered into between debtor and secured creditor, as set forth in the treatment of the holder of the Class 4 Claim.

Class 3 is unimpaired under the Plan.

Class 1, being the debtor's principal residence, is treated as unimpaired under the Plan.  Debtor and secured creditor have agreed upon the applicable interest rate to be applied to that over secured claim.  However, at the hearing on plan confirmation, debtor will ask the court to approve interest only payments to be made to the holder of the Class 1 claim for a period of five years following the effective date of the Plan.  The settlement reached between debtor and secured creditor concerns the interest rate to be applied to the secured claim.  However, the settlement did not address the issue of the monthly payments to be made by debtor under the Plan to the holder of the Class 1 claim such that the secured creditor will be treated as unimpaired under the Plan.

**2.    Classes of Priority Unsecured Claims.**

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7)are required to be placed in classes. These types of claims are entitled to priority treatment as follows: There are no priority unsecured claims under this Plan.

**3.    Class of General Unsecured Claims.**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the class containing all of Debtor's general unsecured claims:

| CLASS #7 | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| | ● General unsecured claims in the amount of $383.825.00.<br><br>● The unsecured claims in this case consist of the unpaid homeowners' association fees for Kalpati, Missouri, Oceanside, Dabney and Pirineos, in the total sum of $23,650.00, plus the unsecured claims representing the under secured portion of the debt due to the first priority lien holders on Dabney and Pirineos. Debtor estimates that with respect to Dabney, the unsecured portion of the claim is approximately $61,794.00, with respect to Pirineos, the unsecured portion is approximately $57,995.00; and with respect to Kalpati, the unsecured portion of the claim is approximately $240,386.75. | YES | ● Allowed claims in this Class will be paid 15% of the principal amount of the allowed claims, without interest, in equal monthly installments for 180 months, commencing on the first day of the month following the effective date of the Plan. Debtor estimates that the monthly payments to the general unsecured class will be $320.00. |

### 4.   Class(es) of Interest Holders

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies the Plan's treatment of the class of

1    interest holders (see Exhibit I for more detailed information about each interest holder):

2        There are no interest holders in this case.

3    **D.    Means of Performing the Plan.**

4        **1.    Funding for the Plan**

5        The Plan will be funded by the following: The reorganized Debtor will make

6    payments called for under the Plan out of cash collateral collections representing the lease

7    payments made by tenants, from Debtor's income earned from her current employment

8    and from the proceeds of the possible sales of Missouri and Coolheights. The Missouri

9    property has no secured debt, and Debtor is of the belief that the Missouri property will

10   yield net sale proceeds of at least approximately $150,000.00. Debtor believes that the

11   Coolheights property will yield net sale proceeds of at least approximately $150,000.00.

12   Those sale proceeds will be used as a reserve fund for the payment of the installment

13   obligations provided for by the Debtor's Plan. Debtor is proceeding to list the Missouri

14   and Coolheights properties for sale now that there appears to be some improvement in the

15   real estate market in Southern California.

16       **2.    Post-confirmation Management.**

17       The Debtor will manage her business and financial affairs post confirmation, with

18   the assistance of Benjamin Katz & Associates as her bookkeeper and financial advisor.

19       **3.    Disbursing Agent.**

20       Debtor shall act as the disbursing agent for the purpose of making all distributions

21   provided for under the Plan. The Disbursing Agent shall serve without bond and shall

22   receive no compensation for distribution services rendered and expenses incurred

23   pursuant to the Plan.

24                                **III.**

25                **TREATMENT OF MISCELLANEOUS ITEMS**

26   **A.    Executory Contracts and Unexpired Leases.**

27       **1.    Assumptions.**

28       The following are the unexpired leases and executory contracts to be assumed as

1   obligations of the reorganized Debtor under this Plan (see Exhibit C for more detailed

2   information on unexpired leases to be assumed and Exhibit D for more detailed

3   information on executory contracts to be assumed):

4        Debtor will assume the unexpired residential leases by which Debtor has leased

5   Coolheights, Oceanside, Perenios, Dabney and Missouri, for a total monthly income

6   currently of $8,695.00.

7        On the Effective Date, each of the unexpired leases and executory contracts listed

8   above shall be assumed as obligations of the reorganized Debtor. The Order of the Court

9   confirming the Plan shall constitute an Order approving the assumption of each lease and

10  contract listed above. If you are a party to a lease or contract to be assumed and you

11  object to the assumption of your lease or contract, you must file and serve your objection

12  to the Plan within the deadline for objecting to the confirmation of the Plan. See Section

13  {I.B.3.} of this document for the specific date.

14      **2.    Rejections**

15       On the Effective Date, the following executory contracts and unexpired leases will

16  be rejected: None.

17       The order confirming the Plan shall constitute an order approving the rejection of

18  the lease or contract. If you are a party to a contract or lease to be rejected and you object

19  to the rejection of your contract or lease, you must file and serve your objection to the

20  Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure

21  Statement for the specific date.

22       THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM

23  ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS July 6, 2009.

24       Any claim based on the rejection of an executory contract or unexpired lease will

25  be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

26  **B.    Changes in Rates Subject to Regulatory Commission Approval**

27       This Debtor is not subject to governmental regulatory commission approval of its

28  rates.

**C. Retention of Jurisdiction.**

The Court will retain jurisdiction to the extent provided by law.

### IV.

### EFFECT OF CONFIRMATION OF PLAN

**A. Discharge.**

The Plan provides that upon completion of all payments under the Plan, Debtor shall be discharged. Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C.§1141. However, the discharge will not discharge any liability under the Plan.

**B. Revesting of Property in the Debtor.**

Except as provided in Section {IV.E.}, and except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

**C. Modification of Plan.**

The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan if proponent modifies the plan before confirmation.

The Proponent of the Plan may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated and (2) if the Court authorizes the proposed modifications after notice and a hearing.

**D. Post-Confirmation Status Report.**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

**E.    Quarterly Fees.**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**F.    Post-Confirmation Conversion/Dismissal.**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

**G.    Final Decree.**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Dated: September 18, 2010

_/s/ Stacie Hunt-Pando_____

Stacie Hunt-Pando

_/s/ Philip D. Dapeer_____
Philip D. Dapeer, a law corporation
2625 Townsgate Road
Suite 330
Westlake Village, CA 91361-5749

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## LIST OF ALL ASSETS

| DESCRIPTION | FAIR MARKET VALUE |
|---|---|
| 1. Sunset Plaza [Single family residence] | $ 1,850,000.00 |
| 2. Kalpati [Residential condominium] | $ 499,000.00 |
| 3. Missouri [Residential condominium] | $ 219,900.00 |
| 4. Oceanside [Residential condominium] | $ 439,000.00 |
| 5. Dabney [Residential condominium] | $ 205,000.00 |
| 6. Perenios [Residential condominium] | $ 209,000.00 |
| 7. Coolheights [Single family residence] | $ 1,000,000.00 |
| | |

# EXHIBIT "B"

## FINANCIAL STATEMENTS

As directed by the Court, the historical financial statements for the three years preceding the petition date and projected financial statements for the life of the Plan are attached. This information is supplied by Debtor and is based on the Debtor's financial books, records and accounts, including the reports filed by Debtor with the United States Trustee during the pendency of this case. The books, records and accounts of Debtor have not been audited and have not been prepared in accordance with GAAP. The Debtor believes that the information contained in the attachments hereto is accurate to the best of the Debtor's knowledge and belief, based upon reasonable inquiry.

HUNT-PANDO FINANCIAL 2009PRE ADJUSTMENT

AS OF 12/31/2009

ASSETS

CASH IN BANK                          0          0
TOTAL                                            0

PROPERTIES PRESENT VALUE

SUNSET PLAZA          1850000
KALPATI                499000
MISSOURI               219900
OCEANSIDE              439000
DABNEY                 205000
PIRINEOS               209000
COOLHEIGHTS           1000000
TOTAL                            4421900
                                              4421900
TOTAL ASSETS

PERSONAL INCOME

| | |
|---|---|
| INCOME   WINE | 1000 |
| INCOME (POINT) | 7500 |
| SUSSER A R | 2500 |
| MISSOURI INCOME | 1200 |
| OCEANSIDE INCOME | 1500 |
| DABNEY INCOME | 1250 |
| PIRINEOS INCOME | 1795 |
| COOLHEIGHTS INCOME | 2950 |

TOTAL INCOME (M))           19695

LIABILITIES

LEGAL EXPENSES

SECURED LIABILITIES

| | | |
|---|---|---|
| SUNSET PLAZA MORTGAGE | 1000000 | |
| KALPATI MORTGAGE | 720410 | |
| MISSOURI MORTGAGE | 0 | |
| OCEANSIDE MORTGAGE | 79227 | |
| DABNEY MORTGAGE | 266794 | |
| PIRINEOS MORTGAGE | 266995 | |
| COOLHEIGHTS MORTGAGE | 780000 | |
| TOTAL | | 3113426 |

TAXES DUE

| | | |
|---|---|---|
| SUNSET PLAZA PROP TX | 0 | |
| KALPATI PROP TX | 0 | |
| MISSOURI PROPERTY TX | 7675 | |
| OCEANSIDE PROPERTY TAX | 0 | |
| DABNEY PROPERTY TAX | 0 | |
| PIRINEOS PROPERTY TX | 0 | |
| COOLHEIGHTS PROPERTY TX | 0 | |
| INTERNAL REVENUE SERVICE | 0 | |
| TOTAL | | 7675 |

HOA DUES IN ARREARS

| | | |
|---|---|---|
| KALPATI HOA    ARREARS | 7448 | |
| MISSOURI HOA ARREARS | 0 | |
| OCEANSIDEHOA ARREARS | 3000 | |
| DABNEY HOA ARREARS | 9520 | |
| PIRINEOS HOA ARREARS | 3682 | |
| TOTAL | 23650 | 47300 |

OTHER LIABILITIES

| | | |
|---|---|---|
| ACCOUNTING FEES    PRIOR | 10000 | |
| CITIBANK VISA | 11000 | |
| CITY NATIONAL BANK | 7126 | |
| TOTAL | | 28126 |

| | | |
|---|---|---|
| TOTAL LIABILITIES | | 3196527 |
| EQUITY | | 1232936 |
| NET PROFIT/LOSS | | -7563 |
| TOTAL EQUITY | | 1225373 |
| TOTAL LIABILITIES AND EQUITY | | 4421900 |

EXPENSES  (MO)

BUSINESS EXPENSES

| | | |
|---|---|---:|
| 2 | KALPATI HOA    CURRENT MO | 405 |
| 2 | KALPATI INSURANCE | 33 |
| 2 | KALPATI MORTGAGE | 8677 |
| 3 | MISSOURI HOA CURRENT MO | 175 |
| 3 | MISSOURI INSURANCE | 20 |
| 3 | MISSOURI MORTGAGE | 0 |
| 4 | OCEANSIDE HOA CURRENTMO | 400 |
| 4 | OCEANSIDE CLEANING MO | 110 |
| 4 | OCEANSIDE   INSURANCE | 32 |
| 4 | OCEANSIDE UTILITIES MO | 96 |
| 4 | OCEANSIDE CABLE MO | 122 |
| 4 | OCEANSIDE MORTGAGE | 491 |
| 5 | DABNEY HOA CURRENT MO | 143 |
| 5 | DABNEY INSURANCE | 20 |
| 5 | DABNEY MORTGAGE | 1463 |
| 6 | PIRINEOS HOA CURRENT MO | 200 |
| 6 | PIRINEOUS INSURANCE | 22 |
| 6 | PIRINEOUS MORTGAGE | 1626 |
| 7 | COOLHEIGHTS GARDENER MO | 100 |
| 7 | COOLHEIGHTS INSURANCE | 460 |
| 7 | COOLHEIGHTS MORTGAGE | 3737 |

| | |
|---|---:|
| PERSONAL EXPENSES | |
| SUNSET PLAZA MORTGAGE | 4481 |
| ACCOUNTING | 200 |
| TELEPHONE SUNSET PLAZA | 30 |
| TELEPHONE KALPATI | 30 |
| CABLE | 141 |
| UTILITIES | 189 |
| VERIZON | 300 |
| DWP | 250 |
| GARDENER | 350 |
| FOOD | 360 |
| AUTO | 350 |
| CHARITIES | 100 |
| MEDICAL | 150 |
| DIRECT TV | 124 |
| NEWSPAPERS | 30 |
| ENTERTAINMENT | 200 |
| PERSONAL EXPENSE | 175 |
| OTHER TRANSPORTATION | 25 |
| STORAGE | 25 |
| INSURANCE HEALTH | 975 |
| AUTO INSURANCE | 441 |
| PROPERTY INSURANCE SP | 460 |

27258          -7563

NET PROFIT/LOSS

HUNT-PANDO FINANCIAL 2008  PRE ADJUSTMENT

AS OF 12/31/2008

ASSETS

| CASH IN BANK | 0 | 0 |
|---|---|---|
| TOTAL | | 0 |

PROPERTIES PRESENT VALUE

| SUNSET PLAZA | 855000 | |
|---|---|---|
| KALPATI | 832500 | |
| MISSOURI | 320000 | |
| OCEANSIDE | 346000 | |
| DABNEY | 275000 | |
| PIRINEOS | 375000 | |
| COOLHEIGHTS | 750000 | |
| VIA PREMIO | 417000 | |
| TOTAL | | 4170500 |

TOTAL ASSETS                         4170500

LIABILITIES

LEGAL EXPENSES

SECURED LIABILITIES

| | | |
|---|---:|---:|
| SUNSET PLAZA MORTGAGE | 900000 | |
| KALPATI MORTGAGE | 735000 | |
| MISSOURI MORTGAGE | 0 | |
| OCEANSIDE MORTGAGE | 60000 | |
| DABNEY MORTGAGE | 260000 | |
| PIRINEOS MORTGAGE | 255000 | |
| COOLHEIGHTS MORTGAGE | 750000 | |
| VIA PREMIO | 332000 | |
| TOTAL | | 3292000 |

TAXES DUE

| | | |
|---|---:|---:|
| SUNSET PLAZA PROP TX | 0 | |
| KALPATI PROP TX | 0 | |
| MISSOURI PROPERTY TX | 0 | |
| OCEANSIDE PROPERTY TAX | 0 | |
| DABNEY PROPERTY TAX | 0 | |
| PIRINEOS PROPERTY TX | 0 | |
| COOLHEIGHTS PROPERTY TX | 0 | |
| INTERNAL REVENUE SERVICE | 0 | |
| TOTAL | | 0 |

HOA DUES IN ARREARS

| | | |
|---|---:|---:|
| KALPATI HOA  ARREARS | 0 | |
| MISSOURI HOA ARREARS | 0 | |
| OCEANSIDEHOA ARREARS | 0 | |
| DABNEY HOA ARREARS | 0 | |
| PIRINEOS HOA ARREARS | 0 | |
| TOTAL | | 0 |

OTHER LIABILITIES

| | | |
|---|---:|---:|
| ACCOUNTING FEES  PRIOR | 10000 | |
| CITIBANK VISA | 11000 | |
| CITY NATIONAL BANK | 7126 | |
| TOTAL | | 28126 |

| | | |
|---|---:|---:|
| TOTAL LIABILITIES | | 3320126 |
| EQUITY | | 1088454 |
| NET PROFIT/LOSS | | -238080 |
| TOTAL EQUITY | | 850374 |
| TOTAL LIABILITIES AND EQUITY | | 4170500 |

PERSONAL INCOME ANNUAL

| | | |
|---|---:|---:|
| INCOME WINE | 7500 | |
| W2 INCOME | 10417 | |
| INTEREST/DIVS | 797 | |
| MISSOURI INCOME | 5370 | |
| OCEANSIDE INCOME | 7560 | |
| DABNEY INCOME | 15855 | |
| PIRINEOS INCOME | 1975 | |
| COOLHEIGHTS INCOME | 2950 | |
| VIA PREMIO | 20340 | |
| IRA DIST | 34000 | |
| TOTAL INCOME | | 106764 |

EXPENSES (MO)

BUSINESS EXPENSES

| | | |
|---|---|---|
| 2 | KALPATI HOA  CURRENT MO | 405 |
| 2 | KALPATI INSURANCE | 33 |
| 2 | KALPATI MORTGAGE | 8677 |
| 3 | MISSOURI HOA CURRENT MO | 175 |
| 3 | MISSOURI INSURANCE | 20 |
| 3 | MISSOURI MORTGAGE | 0 |
| 4 | OCEANSIDE HOA CURRENTMO | 400 |
| 4 | OCEANSIDE CLEANING MO | 110 |
| 4 | OCEANSIDE  INSURANCE | 32 |
| 4 | OCEANSIDE UTILITIES MO | 96 |
| 4 | OCEANSIDE CABLE MO | 122 |
| 4 | OCEANSIDE MORTGAGE  . | 491 |
| 5 | DABNEY HOA CURRENT MO | 143 |
| 5 | DABNEY INSURANCE | 20 |
| 5 | DABNEY MORTGAGE | 1463 |
| 6 | PIRINEOS HOA CURRENT MO | 200 |
| 6 | PIRINEOUS INSURANCE | 22 |
| 6 | PIRINEOUS MORTGAGE | 1626 |
| 7 | COOLHEIGHTS GARDENER MO | 100 |
| 7 | COOLHEIGHTS INSURANCE | 460 |
| 7 | COOLHEIGHTS MORTGAGE | 3737 |
| | VIA PREMIO MORTGAGE | 1479 |

| | |
|---|---|
| PERSONAL EXPENSES | |
| SUNSET PLAZA MORTGAGE | 4481 |
| ACCOUNTING | 200 |
| TELEPHONE SUNSET PLAZA | 30 |
| TELEPHONE KALPATI | 30 |
| CABLE | 141 |
| UTILITIES | 189 |
| VERIZON | 300 |
| DWP | 250 |
| GARDENER | 350 |
| FOOD | 380 |
| AUTO | 350 |
| CHARITIES | 100 |
| MEDICAL | 150 |
| DIRECT TV | 124 |
| NEWSPAPERS | 30 |
| ENTERTAINMENT | 200 |
| PERSONAL EXPENSE | 175 |
| OTHER TRANSPORTATION | 25 |
| STORAGE | 25 |
| INSURANCE HEALTH | 975 |
| AUTO INSURANCE | 441 |
| PROPERTY INSURANCE SP | 460 |

TOTAL X12   28737                    344844

NET PROFIT/LOSS                    -238080

HUNT-PANDO FINANCIAL 2007PRE ADJUSTMENT

AS OF 12/31/2007

ASSETS

| | | |
|---|---|---|
| CASH IN BANK | 0 | 0 |
| TOTAL | | 0 |

PROPERTIES PRESENT VALUE

| | | |
|---|---|---|
| SUNSET PLAZA | 855000 | |
| KALPATI | 832500 | |
| MISSOURI | 320000 | |
| OCEANSIDE | 346000 | |
| DABNEY | 275000 | |
| PIRINEOS | 375000 | |
| COOLHEIGHTS | 750000 | |
| VIA PREMIO | 417000 | |
| TOTAL | | 4170500 |

TOTAL ASSETS                                      4170500

. . .

LIABILITIES

LEGAL EXPENSES

SECURED LIABILITIES

| | | |
|---|---:|---:|
| SUNSET PLAZA MORTGAGE | 900000 | |
| KALPATI MORTGAGE | 735000 | |
| MISSOURI MORTGAGE | 0 | |
| OCEANSIDE MORTGAGE | 60000 | |
| DABNEY MORTGAGE | 260000 | |
| PIRINEOS MORTGAGE | 255000 | |
| COOLHEIGHTS MORTGAGE | 750000 | |
| VIA PREMIO | 332000 | |
| TOTAL | | 3292000 |

TAXES DUE

| | | |
|---|---:|---:|
| SUNSET PLAZA PROP TX | 0 | |
| KALPATI PROP TX | 0 | |
| MISSOURI PROPERTY TX | 0 | |
| OCEANSIDE PROPERTY TAX | 0 | |
| DABNEY PROPERTY TAX | 0 | |
| PIRINEOS PROPERTY TX | 0 | |
| COOLHEIGHTS PROPERTY TX | 0 | |
| INTERNAL REVENUE SERVICE | 0 | |
| TOTAL | | 0 |

HOA DUES IN ARREARS

| | | |
|---|---:|---:|
| KALPATI HOA   ARREARS | 0 | |
| MISSOURI HOA ARREARS | 0 | |
| OCEANSIDEHOA ARREARS | 0 | |
| DABNEY HOA ARREARS | 0 | |
| PIRINEOS HOA ARREARS | 0 | |
| TOTAL | 0 | 0 |

OTHER LIABILITIES

| | | |
|---|---:|---:|
| ACCOUNTING FEES   PRIOR | 10000 | |
| CITIBANK VISA | 11000 | |
| CITY NATIONAL BANK | 7126 | |
| TOTAL | | 28126 |

| | |
|---|---:|
| TOTAL LIABILITIES | 3320126 |

| | | |
|---|---:|---:|
| EQUITY | 768152 | |
| NET PROFIT/LOSS | 82222 | |
| TOTAL EQUITY | 850374 | |
| TOTAL LIABILITIES AND EQUITY | | 4170500 |

PERSONAL INCOME  ANNUAL

| | |
|---|---|
| INCOME  WINE | 6912 |
| W2 INCOME | 251000 |
| INTEREST/DIVS | 38036 |
| MISSOURI INCOME | 5370 |
| OCEANSIDE INCOME | 7560 |
| DABNEY INCOME | 15855 |
| PIRINEOS INCOME | 1975 |
| COOLHEIGHTS INCOME | 2950 |
| VIA PREMIO | 20340 |
| WOOH INCOME | 43068 |
| IRA DIST | 34000 |
| TOTAL INCOME | 427066 |

EXPENSES  (MO)

BUSINESS EXPENSES

| | | |
|---|---|---:|
| 2 | KALPATI HOA   CURRENT MO | 405 |
| 2 | KALPATI INSURANCE | 33 |
| 2 | KALPATI MORTGAGE | 8677 |
| 3 | MISSOURI HOA CURRENT MO | 175 |
| 3 | MISSOURI INSURANCE | 20 |
| 3 | MISSOURI MORTGAGE | 0 |
| 4 | OCEANSIDE HOA CURRENTMO | 400 |
| 4 | OCEANSIDE CLEANING MO | 110 |
| 4 | OCEANSIDE   INSURANCE | 32 |
| 4 | OCEANSIDE UTILITIES MO | 96 |
| 4 | OCEANSIDE CABLE MO | 122 |
| 4 | OCEANSIDE MORTGAGE | 491 |
| 5 | DABNEY HOA CURRENT MO | 143 |
| 5 | DABNEY INSURANCE | 20 |
| 5 | DABNEY MORTGAGE | 1463 |
| 6 | PIRINEOS HOA CURRENT MO | 200 |
| 6 | PIRINEOUS INSURANCE | 22 |
| 6 | PIRINEOUS MORTGAGE | 1626 |
| 7 | COOLHEIGHTS GARDENER MO | 100 |
| 7 | COOLHEIGHTS INSURANCE | 460 |
| 7 | COOLHEIGHTS MORTGAGE | 3737 |
| | VIA PREMIO MORTGAGE | 1479 |

| | |
|---|---:|
| PERSONAL EXPENSES | |
| SUNSET PLAZA MORTGAGE | 4481 |
| ACCOUNTING | 200 |
| TELEPHONE SUNSET PLAZA | 30 |
| TELEPHONE KALPATI | 30 |
| CABLE | 141 |
| UTILITIES | 189 |
| VERIZON | 300 |
| DWP | 250 |
| GARDENER | 350 |
| FOOD | 360 |
| AUTO | 350 |
| CHARITIES | 100 |
| MEDICAL | 150 |
| DIRECT TV | 124 |
| NEWSPAPERS | 30 |
| ENTERTAINMENT | 200 |
| PERSONAL EXPENSE | 175 |
| OTHER TRANSPORTATION | 25 |
| STORAGE | 25 |
| INSURANCE HEALTH | 975 |
| AUTO INSURANCE | 441 |
| PROPERTY INSURANCE SP | 460 |

TOTAL X12   28737          344844

NET PROFIT/LOSS                      82222

| In re:                                    | CHAPTER  *11* |
|                                           |---------------|
| *Stacie Hurst - Pando*   Debtor(s).       | CASE NUMBER *2:09-bk-10584 EC* |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

*2625 Townsgate Rd. #330*
*Westlake Village CA 91361*

A true and correct copy of the foregoing document described ___*Fourth Amended Plan and Fourth*___
___*Amended Disclosure Statement*___ will be served or was served
(a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink
to the document. On ___*10/31/10*___ I checked the CM/ECF docket for this bankruptcy case or adversary
proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission
at the email address(es) indicated below:

☑ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On ___*10/31/10*___ I served the following person(s) and/or entity(ies) at the last known
address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as
follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

☑ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or
entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following
person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by
facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on
the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| *10/31/10*  | *Philip Dupre* | *[signature]* |
|-------------|----------------|---------------|
| Date        | Type Name      | Signature     |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                    F 9013-3.1

# Mailing Information for Case 2:09-bk-10584-EC

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- **Russell Clementson** russell.clementson@usdoj.gov
- **Deborah Conley** bkmail@prommis.com
- **Philip D Dapeer** PhilipDapeer@AOL.com
- **Christopher M McDermott** ecfcacb@piteduncan.com
- **Brian A Paino** ecfcacb@piteduncan.com
- **John D Schlotter** ecfmail@aclawllp.com
- **Timothy J Silverman** tim@sgsslaw.com
- **Ramesh Singh** claims@recoverycorp.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Philip Dennis Dapeer**
699 Hampshire Road, Ste 105
Westlake Village, CA 91361

**Benjamin R Katz**
,

**Keller Williams Realty**
,

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## Mailing Matrix

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.

Label Matrix for local noticing
0973-2
Case 2:09-bk-10584-EC
Central District Of California
Los Angeles
Mon Nov  1 08:49:04 PDT 2010

AMERICA'S SERVICING COMPANY
c/o McCalla Raymer LLC
1544 Old Alabama Rd
Roswell, GA 30076-2102

America's Servicing Company, duly autho
c/o Timothy J. Silverman
Solomon, Grindle, Silverman & Wintringer
12651 High Bluff Drive, Suite 300
San Diego, CA 92130-2023

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
ATTN: Bankruptcy
P.O. Box 2952
Sacramento, CA 95812-2952

GMAC Mortgage, LLC
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-7921

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

L.A. County Tax Collector
Bankruptcy Unit
2615 S. Grand
Los Angeles, CA 90007-2608

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

Securities & Exchange Commission
5670 Wilshire Avenue., 11th Floor
Los Angeles, CA 90036-5627

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

ASC
PO BOX 10328
DES MOINES IA 50306-0328

America's Servicing Company
Bankruptcy Department
3476 Stateview Blvd
Fort Mill, SC 29715-7203

Bankruptcy Section MS A340
Franchise Tax Board
PO Box 2952
Sacramento CA 95812-2952

CHASE BANK USA, NA
PO BOX 15145
WILMINGTON, DE  19850-5145

COUNTRYWIDE
9665 GRANITE RIDGE DRIVE
SAN DIEGO CALIFORNIA 92123-2667

Chase Bank Usa
C O WEINSTEIN AND RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121-3132

DAN MCALLISTER
SAN DIEGO COUNTY TREASURER
1600 Pacific Highway Room 162
San Diego, CA 92101-2477

DAN MCALLISTER
SAN DIEGO COUNTY TREASURER
PO BOX 129009
SAN DIEGO CA 92112-9009

FRANCHISE TAX BOARD
BKCY SECT MS A340
POB 2952
SACRAMENTO, CA 95812-2952

GMAC Mortgage, LLC
3451 Hammond Ave.
Waterloo, IA 50702-5300

HIGH RIDGE HOA
N N JAECHKE INC
9610 WAPLES STREET
SAN DIEGO CA 92121-2992

HOMECOMINGS
PO BOX 79135
PHOENIX AZ 85062-9135

Internal Revenue Service
300 N Los Angeles Street
Stop 5022
Los Angeles, CA 90012-3478

LA County Treasurer
and Tax Collector
PO Box 54110
Los Angeles CA 90054-0110

MARTINI IOSUE AND AKPOVI
16830 VENTURA BLVD SUITE 415
ENCINO CA 91436-1717

PROGRESSIVE MGT SYSTEMS
1521 W CAMERON AVE
WEST COVINA CA 91790-2738

Robert A Weinberg
18034 Ventura Blvd 511
Encino CA 91316-3516

SAN DIEGO COUNTY TREASURER-TAX COLLECTOR
ATTN: BANKRUPTCY DESK
1600 PACIFIC HIGHWAY, ROOM 162
SAN DIEGO, CA 92101-2477

TIBURON CARLSBAD HOA
PO BOX 261188
SAN DIEGO CA 92196-1188

United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017-5524

WACHOVIA
PO BOX 60505
CITY OF INDUSTRY CALIFORNIA 91716-0505

WACHOVIA
PO BOX 659568
SAN ANTONIA TEXAS 78265-9568

WACHOVIA
PO BOX 659568
SAN ANTONIO TEXAS 78265-9568

WASHINGTON MUTUAL
PO BOX 78148
PHOENIX AZ 85062-8148

eCAST Settlement Corp
Assignee of HSBC Bank Nevada
Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Suite 200
Tucson, AZ 85712-1083

Philip D Dapeer
Philip Daoeer, a Law Corporation
2625 Townsgate Rd
Ste 330
Westlake Village, CA 91361-5749

Philip Dennis Dapeer
699 Hampshire Road, Ste 105
Westlake Village, CA 91361-2352

Stacie Hunt-Pando
8706 Sunset Plaza Pl
Los Angeles, CA 90069-1345

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
P O Box 21126
Philadelphia, PA 19114-0325

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)Courtsey NEF

(u)Keller Williams Realty

(u)Benjamin R Katz

End of Label Matrix
Mailable recipients    38
Bypassed recipients     4
Total                  42